871 P.2d 235

**In the Matter of Patrick J. PEARTREE, a Suspended Member of the State Bar of Arizona, Respondent.**

**No. SB–94–0013–D.**

**Comm. Nos. 92–0474, 92–0514, 92–1003, 92–1144, 92–1429, 92–1491 and 92–1540.**

Supreme Court of Arizona, Before the Disciplinary Commission.

March 18, 1994.

---

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined sua sponte review,

IT IS ORDERED, ADJUDGED AND DECREED that **PATRICK J. PEARTREE,** a suspended member of the State Bar of Arizona, is hereby disbarred for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that Respondent shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED **PATRICK J. PEARTREE** shall be assessed the costs of these proceedings in the amount of $1,073.00.

## EXHIBIT A

### DISCIPLINARY COMMISSION REPORT

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on September 11, 1993, for review of the record on appeal, pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the Hearing Committee's recommendation of disbarment. No objections to the Hearing Committee's recommendation were filed.

#### Decision

By a concurrence of the seven Commissioners present,[1] the Commission adopts the recommendation of the Hearing Committee that Respondent be disbarred. The Commission also unanimously adopts the findings of fact and conclusions of law of the Hearing Committee.

#### Facts

The complaint contains seven counts, all of which detail Respondent's abandonment of his practice in April 1992. In Count One, after handling the client's trial, Respondent failed to return the client's telephone calls, failed to notify the client that he had relocated to Indiana, and failed to comply with the court's order to file an application for costs and attorney's fees.

In Count Two, Respondent left the state and abandoned the client's case before collecting the total $1,800 arbitration award for his client. Although Respondent did forward one payment on the judgment to the client after relocating, he never sent the final payment, although he told the client it was in the mail.

In Count Three, after accepting $500 from the client to assist in the formulation of the client's corporation, Respondent failed to

---

1. Commissioners Bossé and Bonwell did not participate in these proceedings.

perform the work he had indicated he would do.

Count Four details Respondent's retention by a client concerning a landlord-tenant dispute, for which he was paid $3,200. After losing at arbitration, the client gave his rent payment to Respondent to deposit in his trust account pending resolution of the matter on appeal. When the matter settled, Respondent ignored repeated requests to transfer those funds to the title company.

In Count Five, Respondent was paid $300 to handle a client's dissolution. Respondent sent the client a petition for dissolution which was missing a great deal of information. The client revised the petition and returned to Respondent's office, only to discover his office had closed. Respondent later telephoned the client from Indiana and told her that he would refund $150.

In Count Six, Respondent was paid $1,350 to handle another client's dissolution. Some time after the client signed the divorce papers a court date was set, but the client was told there was no need for her to appear in court. Respondent never informed the client of what happened in court or that he was relocating to another state. When the client located Respondent in Indiana, Respondent told her that her divorce was final. This was not true, however; the client was not yet divorced.

Count Seven also concerns Respondent's retention by a client to handle a dissolution, for which he was paid $1,749. Before completing this client's dissolution, Respondent moved to Indiana and ceased communication with the client.

In five of these matters, Respondent failed to file written responses to the State Bar's inquiries into the allegations. In all seven of these matters, Respondent failed to notify the clients of his impending move to Indiana.

Respondent has not participated in the disciplinary process. As Respondent resides in Indiana, the complaint was served upon the clerk of the Supreme Court.[2] As he failed to respond, the complaint was deemed admitted.[3] Respondent was notified of his right to be heard in mitigation and, again, failed to respond. Respondent was notified of the opportunity to object to the Committee's report and to file a statement on review before the Commission. Respondent did not object, did not file a statement on review, and did not request oral argument before the Commission.

### Discussion of Decision

The Commission agrees with the Committee that Respondent's conduct was in violation of ER 1.2, ER 1.3, ER 1.4, ER 1.5, ER 1.15, ER 1.16, ER 3.4(c), ER 5.3, ER 8.1(b), ER 8.4, and Supreme Court Rule 51(h) and (i).

Although the Commission generally reviews The American Bar Association's *Standards for Imposing Lawyer Sanctions* in determining the appropriate sanction for a violation of the Rules of Professional Conduct, the Commission believes the conduct in this instance is so egregious as to render a review of that guideline unnecessary. Respondent accepted representation of, and retainers from, numerous clients, then, without warning, abandoned their cases. He failed to send the balance of an arbitration award to one client. Another client was compelled to handle the details of the formation of his corporation on his own, when Respondent failed to determine whether the corporate name was available and obtain the original corporate papers and corporate seal. Respondent left three other clients with unresolved dissolutions, incorrectly informing one of them that her divorce was final. In another instance, Respondent failed to transfer a client's funds from Respondent's trust account when the client's case settled. Virtually all of his clients suffered injury as a result. Respondent's complete failure to participate in these disciplinary proceedings is another clear indication that he has abandoned his practice without notice to clients or the Bar.

Respondent's violations are so numerous that nearly every Standard addresses some aspect of his misconduct. All indicate disbar-

---

**2.** Rule 55(b)(6).

**3.** Rule 53(c)(1).

ment is the only appropriate sanction. The Commission agrees with the Hearing Committee that "Respondent lacks the character, ethics, and fitness to practice law in the State of Arizona."[4] The Commission recommends disbarment.

RESPECTFULLY SUBMITTED this 10th day of November, 1993

/s/ MARK D. RUBIN

Mark D. Rubin, Vice Chairman
Disciplinary Commission

---

4. Findings of Fact, Conclusions of Law and Rec-    ommendation of Hearing Committee, p. 3.